# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MIRIAM LAMPKINS,

    Plaintiff,

v.                                                                                                  No. 2:10-cv-00875-WJ-ACT

ADC TELECOMMUNICATIONS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

THIS MATTER comes before the Court on Defendant's 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction, and in the Alternative, § 1404(a) Motion to Transfer Venue (Doc. 4). Defendant moves to dismiss the case for failure to exhaust administrative remedies, or in the alternative, transfer venue to the El Paso Division of the United States District Court for the Western District of Texas under 28 U.S.C. § 1404(a), where an identical case was previously filed. Because the Court finds that the interest of justice will be best served by allowing the litigation to proceed where it was first filed, this Court GRANTS Defendant's Motion to Transfer.[1]

## BACKGROUND

Defendant is a corporation headquartered in Minnesota, and Plaintiff is a resident of El Paso, Texas. This lawsuit concerns the discrimination that allegedly occurred in the course of Plaintiff's employment with Defendant at its location in Santa Teresa, New Mexico. Plaintiff

---

[1] Having determined that this case should be transferred to the Western District of Texas, there is no need for Defendant to file a reply brief.

alleges that she was the victim of sexual harassment and unlawful retaliation. According to Plaintiff, pornographic emails were sent by a team leader to employees in the office, which led her to make a formal complaint to the human resources manager. Because of her complaint, Plaintiff feels that her managers and her coworkers began to harass her in the workplace. A few months after her complaint, she requested time off due to a death in the family, but her request was denied. The next month, Plaintiff's employment was terminated in what she characterizes as illegal retaliation, and what Defendant characterizes as a company-wide reduction-in-force.

The facts and procedural history of this case are complicated by the existence of an identical case in Texas. Plaintiff Lampkins filed an employment discrimination and retaliation lawsuit against her former employer on March 12, 2010 in Texas state court. The defendant asked the plaintiff to sign a stipulation that damages would not exceed $75,000, but plaintiff did not respond to that request. On April 19, 2010, defendant ADC Telecommunications removed the case to the United States District Court for the Western District of Texas on the basis of diversity jurisdiction. Although plaintiff subsequently signed the stipulation that damages would not exceed $75,000, the parties did not follow the proper procedures to remand the case and the Western District of Texas has continued to exercise jurisdiction. *See Lampkins v. ADC Telecomms.*, No. EP-10-CV-146-PRM (W.D. Tex. July 20, 2010). Proceedings are pending before that court. The parties are currently engaged in discovery, and trial is scheduled for May 6, 2011.

Then on August 23, 2010, Lampkins filed a nearly identical complaint in New Mexico state court, asserting claims stemming from the exact same factual circumstances against the exact same defendant, ADC Telecommunications. Defendant removed the case to this Court on the basis of diversity jurisdiction on September 21, 2010 (Doc. 1). Plaintiff does not challenge

2

the basis for diversity jurisdiction nor does she seek to remand the case to state court. Plaintiff has filed a voluntary motion to dismiss the case in the Western District of Texas, and based on the pleadings filed in this case, appears to want to litigate her claims here in New Mexico instead of where she originally filed the case.

Defendant moves to dismiss this case on the basis that Plaintiff has filed suit under the New Mexico Human Rights Act without first exhausting her administrative remedies, or in the alternative, to transfer venue to the Western District of Texas where Defendant will file a motion to consolidate this case with its twin. Plaintiff responds that because she has exhausted her administrative remedies since filing the complaint, this Court may now exercise subject matter jurisdiction. Plaintiff also argues that venue is proper in this District and the case should not be transferred to Texas.

## DISCUSSION

**I.     Motion to Transfer**

Defendant argues, subject to its Motion to Dismiss, that this case should be transferred to the Western District of Texas, in the interests of judicial economy and minimizing waste. The Court, because it does not reach the issues raised in the Motion to Dismiss for reasons explained below, will consider the venue argument first.

Defendant relies primarily on the argument that venue is proper in the Western District of Texas, implying that therefore venue is improper in the District of New Mexico. For the reasons Plaintiff points out in her brief, it is not true that this line of argument establishes that venue is improper in New Mexico; only that the same case should not be in both districts at the same time. However, Defendant does cite to a case, *Williams v. City of N.Y.*, No. 03 Civ. 5342, 2006 WL 399456, at *4 (S.D.N.Y. Feb. 21, 2006), that provides additional support for its argument:

Because an identical case was filed first in Texas, the Texas court is the proper forum to decide where the case should be heard.

### A. § 1404 Venue

28 U.S.C. § 1404(a) allows a court, "[f]or the convenience of parties and witnesses, in the interest of justice," to "transfer any civil action to any other district or division where it might have been brought." Venue is proper in a diversity case in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*Id.* § 1391(a). Venue is proper in the Western District of Texas under § 1391(a)(3), because the defendant is either properly subject to the personal jurisdiction of that court, or has waived the issue by appearing there without specifically preserving the argument. Venue is arguably proper here in New Mexico under either § 1391(a)(2) or (3). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

Defendant argues that venue more properly lies in Texas. It notes that the two cases pending in New Mexico and in Texas are identical, and that proceeding with both would be a waste of judicial resources and run the risk of different decisions from each federal court. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. The Barge FBL-585 & Fed. Barge Lines, Inc.*, 364 U.S. 19, 26 (1960). Either this case or the case in the Western District of Texas must

therefore be transferred or dismissed.

Plaintiff, in her response, argues that Defendant ignores the Tenth Circuit's nine-factor venue test in *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). Thus, Defendant has not carried its burden of showing that this case ought to be transferred to Texas. For her part, Plaintiff meticulously considers each factor and shows why that factor leans in favor of keeping the case in New Mexico. But, contrary to Plaintiff's assertion, Defendant's argument does not ignore the test entirely. The existence of two identical proceedings does fall under the ninth factor, "other considerations of a practical nature." *Id.*; *cf. Coral Group, Inc. v. Shell Oil Co.*, No. 09-2291, 2010 WL 527501, at *3 (D. Kan. Feb. 9, 2010) (considering the existence of two identical cases as a factor in a § 1441(a) venue transfer analysis). In fact, Defendant's argument that this case should be transferred to Texas is exactly correct, because that case was filed first.

### B.     First-to-File Rule

The Tenth Circuit recognizes the general rule that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982); *see also Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, No. 98-4098, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999); *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965). "The first to file rule generally applies when the party seeking a stay shows that three conditions are satisfied: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues." *Debt Exchange, LLC v. Fluid Trade, Inc.*, No. 10-CV-0464, 2010 WL 3790605, at *2 (N.D. Okla. Sept. 24, 2010) (internal quotation marks omitted). The rule indicates that "the court which first obtains

jurisdiction should be allowed to first decide issues of venue." *Hospah Coal*, 673 F.2d at 1164. The rule clearly applies to this case. The first-filed suit is the Texas case, and the Texas court is the proper forum to rule on issues of venue.

Since the Tenth Circuit has not expressly mandated a particular course of action for courts to follow in the later-filed suit, district courts in this circuit have relied on precedent from other circuit courts to guide them. *See, e.g.*, *Cherokee Nation*, 2010 WL 2690368, at *5-7. The Fifth Circuit Court of Appeals has stated that once a court finds that the rule applies, "the proper course of action [i]s for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999); *see also Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1299 (D. Kan. 2010) ("Courts rarely dismiss claims pursuant to the first-to-file rule, preferring instead to transfer those claims to the court where the similar claims were first filed.").

The rule is not inflexible and mandatory in all cases, and some district courts in this circuit have recognized a few exceptions. *Cf. Cherokee Nation v. Nash*, Case No. 09-CV-52, 2010 WL 2690368, at *5 (N.D. Okla. July 2, 2010) (noting other circuits have recognized that the rule should not be applied "where special circumstances warrant giving priority to the second suit, such as where a first-filing party engages in forum shopping or anticipatory filing"). In this case, the concerns articulated by the exceptions instead indicate that the first-to-file rule should apply with even more force: by filing this suit, identical to her first suit, Plaintiff has created "special circumstances" warranting a presumption against her current choice of forum.

Plaintiff has not made any attempt to argue that this case is anything other than an exact duplicate of the case filed first in Texas. The parties and the issues are exactly the same, and

Plaintiff has admitted as much by seeking to voluntarily dismiss the Texas case and refile her action here. It is Plaintiff, however, who originally chose to file suit in Texas, and had the legal right to do so. The Court agrees with Defendant's characterization of the present suit as nothing more than "Plaintiff's blatant forum manipulation and effort to avoid her irrevocable and binding stipulation [as to damages]." Def.'s Motion at 9 (Doc. 4).

This Court therefore expresses no opinion on whether venue is more proper here or in Texas. The Western District of Texas, the court in which an identical case is currently and properly proceeding, is the proper forum to litigate factual questions such as venue and jurisdiction. A plaintiff should not be permitted to voluntarily dismiss a case and refile it elsewhere simply because that plaintiff is unhappy with a stipulation she signed in the first case. Such an action violates not only principles of judicial efficiency and comity, but also notions of fairness to the parties and due process. If Plaintiff sincerely feels that she made a mistake in venue, the proper course of action is to ask the Western District of Texas to transfer the case here in a proper motion before that court.

## II.     Motion to Dismiss

The Defendant also moves for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. However, the issues raised in Defendant's Motion to Dismiss are more properly heard before the Western District of Texas. Venue is a "threshold question," *United States v. Kelly*, 535 F.3d 1229, 1233 (10th Cir. 2008), that should ordinarily be decided before the substantive grounds in a motion to dismiss. *Basile v. Walt Disney Co.*, No. 1:09-CV-07112, 2010 WL 2383782, at *3 (S.D.N.Y. June 14, 2010); *see Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963). It follows logically that if this Court cannot rule on issues of venue, then it cannot rule on Defendant's Motion to Dismiss. Moreover, this Court would have had the

power to transfer this case sua sponte, given that the propriety of doing so is absolutely clear on the record. *Trujillo v. Williams*, 465 F.3d 1210, 1217, 1222 (10th Cir. 2006). Therefore, the Court declines to rule on the Motion to Dismiss. Any exhaustion issue should be brought to the attention of the court in which this case was properly filed.

**THEREFORE,**

**IT IS ORDERED THAT**, for the above reasons, Defendant's 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction, and in the Alternative, § 1404(a) Motion to Transfer Venue (Doc. 4) is **GRANTED**. Accordingly, this case is hereby transferred to the El Paso Division of the United States District Court for the Western District of Texas.

_____
UNITED STATES DISTRICT JUDGE